June 22, 1968, its urea plant so that the reaction of the ammonia and $CO_2$ to form the 'melt' is conducted in the presence of an amount of oxygen which falls within the range of 0.1 to 3% by volume of the carbon dioxide used."

The only evidence upon which Finding 6G is based is the stipulation, and we have no hesitation in acting here to amend the Finding to be consonant with the stipulation. The record shows that the stipulation was amended by the parties after it was first filed. The district judge must have based his findings upon an earlier version. We are convinced that this was a mere oversight or, if not, it was clearly in error. Accordingly we hereby amend this finding to read as it should have read.

 The effect of Finding 6G as amended by us is to negate any implication of continuing infringement which could be said to be present in the unamended finding. The sum and substance of the findings as amended are that Escambia operated within the limits of Stamicarbon's patent up to July 22, 1968, but there is no finding as to infringement after that date. Of course Stamicarbon had the burden of proof on the infringement issue, so if it introduced no evidence of infringement after June 22, 1968, the district court could find none. It was in the district court's discretion to grant an injunction against continuing infringement, see 35 U.S.C.A. § 283 (1954), and Stamicarbon raises no issue that such discretion was abused by the failure to enjoin. We adopt a pragmatic approach to the denial of the requested injunction. This approach has been previously indicated in such cases as McCoy v. Louisiana State Board of Education, 332 F.2d 915 (5th Cir. 1964); Board of Public Instruction of Duval County v. Braxton, 326 F.2d 616 (5th Cir. 1964); and Kelly v. Greer, 354 F.2d 209 (5th Cir. 1965); *accord* National Mediation Board v. Air Line Pilots Association, International, 116 U.S.App. D.C. 300, 323 F.2d 305 (1963). Through all these cases runs the idea that we must look at what the district court did and measure that against the standard of § 1292 to determine appealability. In the absence of a finding of continuing infringement, we therefore assume that the district court had nothing on which to base the grant of an injunction and, sub silentio, denied it.[3] With this assumption, the only issue not disposed of by the district court would be the issue of an accounting. The district court's order is therefore appealable.

Affirmed as modified and remanded for an accounting.

**Robert Donald FLOOD, Plaintiff-Appellant,**

v.

**The CALIFORNIA COMPANY, the California Oil Company, and Firemen's Fund Insurance Company, Defendants-Appellees.**

**No. 28885.**

United States Court of Appeals, Fifth Circuit.

Sept. 4, 1970.

---

3. This assumption does not decide the issue of infringement vel non after June 22, 1968. We limit this opinion in this respect to holding that the stipulation made in this case controlled the court's finding, 6G, and that as so controlled we should read the record as denying the injunctive relief requested. Consequently, we refrain from expressing any hint of an opinion concerning the application of the doctrine of res judicata on such issue in any subsequent action.

Robert Donald Flood pro se.

Robert B. Acomb, Jr., New Orleans, La., for defendants-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

---

**Michael A. LIGHT, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 29295.

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1970.

Michael A. Light, pro se.

William Stafford, U. S. Atty., Stewart J. Carrouth, Asst. U. S. Atty., Pensacola, Fla., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Michael A. Light, a federal prisoner, appeals from the denial of habeas corpus relief which he sought in the United States District Court for the Northern District of Florida. We affirm.[1]

Appellant is presently confined at the Eglin Air Force Base Federal Prison Camp, in Florida, where he is serving a sentence imposed by the United States District Court for the Southern District of New York. His conviction in that court was affirmed on direct appeal. United States v. Light, 2 Cir. 1968, 394 F.2d 908.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966.

1. Pursuant to our Rule 18 this case is decided without oral argument.